**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1102**

DORA L. ADKINS,

           Plaintiff - Appellant,

    v.

WHOLE FOODS MARKET GROUP, INC.,

           Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-01023-AJT-JFA)

Submitted: July 26, 2018                   Decided: July 30, 2018

Before GREGORY, Chief Judge, FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Dora L. Adkins, Appellant Pro Se. Christopher Eric Humber, OGLETREE DEAKINS NASH SMOAK & STEWART, PC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dora L. Adkins appeals the district court's order dismissing her civil action against Whole Foods Market Group, Inc. ("Whole Foods") and imposing a prefiling injunction and order denying reconsideration. We have reviewed the record and find no reversible error in the court's dismissal of Adkins' action or its denial of relief on reconsideration. Therefore we affirm the denial of relief in these orders for the reasons stated by the district court. *See Adkins v. Whole Foods Market Group, Inc.,* No. 1:17-cv-01023-AJT-JFA (E.D. Va. January 10, 2018; January 23, 2018).

In its order dismissing Adkins' action the district court also granted Whole Foods' motion for sanctions, enjoining Adkins from filing any further claims against the company without leave of court. The court also expanded the scope of the prefiling injunction to prohibit Adkins from filing claims against any defendant in the Eastern District of Virginia. Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty, and we review those prefiling injunctions for abuse of discretion. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). This "drastic remedy must be used sparingly, . . . consistent with constitutional guarantees of due process of law and access to the courts." *Id.* Thus,

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

2

*Id.* at 818. Even where a prefiling injunction has been deemed warranted pursuant to a consideration of the above factors, "the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue. Absent this narrowing, a prefiling injunction . . . will not survive appellate review." *Id.* (citations omitted).

The district court appears to have considered some of the *Cromer* factors—discussing Adkins' history of filing vexations and duplicative lawsuits and her prior action against Whole Foods—but it is not clear the court considered the other specific factors, and it failed to properly limit the scope of the prefiling injunction to the specific circumstances. *Id.* We also note litigants are entitled to notice and opportunity to be heard prior to imposition of a prefiling injunction. *Id.* at 819-20. Thus, we vacate the portion of the court's order imposing the prefiling injunction and remand for proceedings consistent with this opinion.

Accordingly, we affirm in part, and vacate in part and remand for further proceedings. We grant Adkins' motions for leave to proceed in forma pauperis and to file a supplemental reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

3